# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

AYTRA MOORE                                                          PETITIONER

v.                          NO. 2:06CV00203 JLH/HDY

LINDA SANDERS, Warden, FCI                                           RESPONDENT
Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

INTRODUCTION. The undersigned requested, and has now received, additional briefs and supporting exhibits from the parties. Those submissions clarify several matters concerning the relevant criminal proceedings involving petitioner Aytra Moore ("Moore"). On the basis of those submissions, and the entire record in this proceeding, the undersigned makes the following findings and recommendation.

CRIMINAL AND ADMINISTRATIVE PROCEEDINGS. The record reflects that in May of 1974, Moore was sentenced to a period of incarceration in the Tennessee Department of Correction following his conviction of Robbery with a Deadly Weapon. At some point not clear from the record, he was paroled from the custody of the Tennessee Department of Correction for that conviction. On December 20, 2000, he was arrested by Tennessee authorities and charged with one count of aggravated robbery. He faced that charge until February 16, 2001, when the charge was dismissed.

On January 25, 2001, Moore was arrested by Tennessee authorities on a parole violation warrant. He was detained on the warrant beginning on February 16, 2001, and admitted to the custody of the Tennessee Department of Correction on the warrant on February 27, 2001.[1]

---

[1] It was apparently unnecessary for Moore to have been detained on the warrant between January 25, 2001, and February 16, 2001, because he was already being detained on the aggravated robbery charge. It was only after that charge was dismissed that it became necessary for him to be detained on the warrant.

In March of 2001, Moore was charged by indictment in the United States District Court for the Western District of Tennessee with conspiracy to commit armed bank robbery.  See United States v. Moore, 2:03-CR-20223-01-D.[2]  On August 28, 2001, he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum for the purpose of answering the charge.  He eventually pleaded guilty to the charge, and United States District Judge Bernice B. Donald sentenced Moore to the custody of the Federal Bureau of Prisons ("BOP") for a period of sixty months.  On October 3, 2003, he was returned to the custody of the Tennessee Department of Correction.

Upon returning to state custody, Moore was called upon to face the parole violation warrant.  The record reflects that on November 4, 2003, his parole was revoked.  For some reason not clear from the record, a "violation warrant–new charge" was filed by Tennessee authorities on January 25, 2004.  See Document 17, Exhibit 1.  The eventual disposition of that charge is not clear from the record.

On November 17, 2005, Moore was paroled from the custody of Tennessee Department of Correction.  He did not gain his freedom, though; he was instead released into federal custody to begin serving the sentence imposed in 2:03-CR-20223-01-D.  He came to be housed at the Federal Correctional Complex - Medium in Forrest City, Arkansas, the warden of which is respondent Linda Sanders ("Sanders").

---

[2] The events giving rise to Moore's indictment in 2:03-CR-20223-01-D are the same events which caused Tennessee authorities to initially arrest him for aggravated robbery.

It was only after Moore entered the custody of the BOP that he learned for the first time that he would not be receiving credit on his federal sentence for the time he spent in state custody. Believing he was entitled to such credit, he pursued an administrative grievance. That effort produced no fruit, and he commenced the proceeding at bar.

THE PROCEEDING AT BAR. Moore commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. It was his position that he is "entitled to credit on his Federal Sentence beginning from the date of his indictment on the instant Federal offense." See Document 11 at 5-6.

Sanders filed an answer to Moore's petition. Sanders maintained that Moore was "borrowed" from the State of Tennessee when the BOP temporarily gained custody of him pursuant to a writ of habeas corpus ad prosequendum. Sanders maintained that "at all times [Moore was] primarily in the custody of the State of Tennessee." See Document 8 at 4. Sanders therefore maintained that the BOP has "properly computed ... Moore's current federal sentence as beginning to run on November 17, 2005, the day that he was released on parole from his Tennessee State sentence, and released to federal authorities for service of his federal sentence." See Id.[3] For those reasons, she asked that his petition be dismissed.

---

[3] Sanders additionally maintained that the BOP properly considered, but rejected, Moore's request for a nunc pro tunc designation of the Tennessee Department of Correction as the place for service of his federal sentence.

Moore filed a reply, and supplemental reply, to Sanders' answer. Moore reiterated his contention that he is entitled to credit on his federal sentence for the time he spent in state custody. He specifically maintained in his supplemental reply that "the sole reason [he] was held in the State facility was because of the pending Federal Indictment and subsequent conviction in Federal Court." See Document 12 at 2.

In reviewing the record in this proceeding, the undersigned was troubled by the lack of clarity regarding two matters. First, it was not clear why Moore remained in the custody of Tennessee authorities immediately following the dismissal of the charge of aggravated robbery. Sanders appeared to represent that Moore continued to be detained on a probation violation warrant, but that fact was not clear from the record.

Second, it was not clear what state sentence Moore was serving or, alternatively, what state charge he was being held for, when he was returned to the custody of Tennessee authorities following the imposition of the sentence in 2:03-CR-20223-01-D. Specifically, it was not clear whether he was returned to Tennessee authorities to answer the probation violation warrant.

The undersigned desired clarity of the foregoing matters for at least one reason. As Sanders noted, "When a prisoner [such as Moore] is serving no other federal or state sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the

sentence commences on the date of imposition." See Document 8 at 3. [Emphasis in original]. Although it was probable that Moore was serving a state sentence, or awaiting the disposition of a state charge, when the sentence in 2:03-CR-20223-01-D was imposed, that fact was not clear from the record. Because the undersigned desired clarity, the parties were invited to submit additional briefs.

Sanders thereafter filed a supplemental response to Moore's petition in which she attached a declaration from James D. Crook, a BOP Supervisory Attorney. His declaration was supported by a letter from Candace Whisman ("Whisman"), the Director of Sentence Management Services for the Tennessee Department of Correction. In the letter, Whisman represented the following:

> Our records indicate [Moore] was arrested in Shelby County, Tennessee on Tennessee parole violation warrant #A45558 on January 25, 2001. He was admitted to the custody of the Tennessee Department of Correction on February 27, 2001. He remained in TDOC custody until August 28, 2001 when he was released to federal custody for court proceedings. He was returned to TDOC custody on October 3, 2003 and remained in TDOC until November 17, 2005 when he was released to federal custody due to parole being granted again on his Tennessee sentence.
>
> All time from January 25, 2001 to the date of November 17, 2005 was applied as time served on his Tennessee conviction. This includes all time he was "out to court" for his federal court proceedings.

See Document 15, Declaration of James D. Crook, December 20, 2006, Letter from Candace Whisman at 1.

Moore, in turn, filed a supplemental reply. He supported that submission with his own declaration, a document in which he advanced the following representations:

> I am serving a sentence for Conspiracy to Commit Armed Bank Robbery. I was indicted on this charge in March 2001.
>
> Currently, I am serving a lifetime parole sentence, and concurrently, am serving my federal sentence. My parole is the result of my 1976 conviction, and habitual offender status in the State of Tennessee.
>
> I have been incarcerated since December 2001, continuously, as I was initially arrested for Bank Robbery in the State of Tennessee.
>
> On February 16, 2001, the State abruptly dismissed the Armed Bank Robbery Charge against me. Thereafter, in March, 2001, a month later, I was indicted by the Federal Government for the Charge for which I am now incarcerated, Conspiracy to Commit Armed Bank Robbery.
>
> A Parole warrant, that is, a violation warrant, was issued for my arrest on January 25, 2004. By this time, I was already in jail, and had been since December 2000.
>
> The Tennessee Parole Board had no cause to violate me prior to my guilty plea in the Federal (instant case) until I was actually found guilty of the federal offense, because, as stated, the state charge was dismissed on 2/16/2001.
>
> To the best of my knowledge and belief, and as is fully set forth by the record, and my pleadings in the habeas now pending before the court, I was in Federal Custody since being indicted, in March 2001. The time between February 16, 2001, and March when I was indicted federally, I certainly should not have been in custody, as the state has dismissed their charge, and the parole board had taken no adverse action, that is, until January 25, 2004, 4 years later.
>
> I have been in continuous federal custody since the date of my indictment, in March 2001.

<u>See</u> Document 17, Declaration of Aytra Moore at 1-2.  Moore accompanied his supplemental response with the pending motion for appointment of counsel.  <u>See</u> Document 18.

The Court has now had an opportunity to thoroughly review the entire record in the proceeding at bar.  On the basis of that review, and for the reasons that follow, it is recommended that Moore's petition be dismissed and all requested relief be denied.

<u>ANALYSIS</u>.  Liberally construing Moore's petition, the undersigned begins by considering 18 U.S.C. 3584.  It governs the imposition of concurrent and consecutive terms of imprisonment.  Paragraph (a) of the statute provides, in part, the following:

> **(a) Imposition of concurrent or consecutive terms**.  If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, ...  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Moore was being detained in the custody of the Tennessee Department of Correction on a parole violation warrant when he was sentenced by Judge Donald in 2:03-CR-20223-01-D.  The parole violation appears to have been unresolved at the time Moore was sentenced in 2:03-CR-20223-01-D so it is difficult to conclude that he was "already subject to an undischarged term of imprisonment." <u>See</u> 18 U.S.C. 3584(a). In any event, Judge Donald was surely aware of the parole violation and possessed the

discretion to order the sentence in 2:03-CR-20223-01-D to be served concurrent with any sentence subsequently imposed on the parole violation.  The judgment and commitment order is silent as to the manner in which 2:03-CR-20223-01-D is to be served.  Given that silence, the construction of the sentence in 2:03-CR-20223-01-D made by the BOP-that the sentence is to be served consecutive to the sentence imposed on the parole violation-is not unreasonable.

Having found that the sentence in 2:03-CR-20223-01-D cannot be construed so that it ran concurrent with the sentence imposed on the parole violation, the undersigned turns to consider 18 U.S.C. 3585.  That statute governs the calculation of a term of imprisonment.  Paragraphs (a) and (b) of the statute provide, in part, the following:

> **(a) Commencement of sentence**.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody**.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Moore entered federal custody on August 28, 2001, pursuant to a writ of habeas corpus ad prosequendum and returned to state custody on October 3, 2003. Because federal authorities obtained custody of Moore pursuant to a writ of habeas corpus ad prosequendum, there was no time during the roughly twenty-six month period between August 28, 2001, and October 3, 2003, that he was "received in custody awaiting transportation to, or arrive[d] to commence service of [his] sentence at, the official detention facility at which the sentence was to be served." See 18 U.S.C. 3585(a). He was simply sentenced for the federal offense and returned to state custody. He was not received in custody awaiting transportation to, or arrived to commence service of his sentence at, the official federal detention facility until November 17, 2005, when he paroled from the custody of the Tennessee Department of Correction. Thus, his federal sentence did not commence on the day it was imposed but on November 17, 2005.

Moore maintains that he is entitled to credit on his sentence in 2:03-CR-20223-01-D beginning from the date of his indictment. 18 U.S.C. 3585(b) indeed provides that a defendant is entitled to credit on his federal sentence for "any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." It is clear that he is entitled to no such credit.

First, Moore was never in official detention prior to November 17, 2005, as a result of the offense in 2:03-CR-20223-01-D.  Although it is true that he was held by federal authorities from August of 2001 until October of 2003, he was merely "on loan" from Tennessee authorities.  See United States v. Cole, 416 F.3d 894 (8th Cir. 2005).  Because he was merely "on loan," he remained in the primary custody of Tennessee authorities.[4]

Second, Moore has already received credit against another sentence for all the time he spent in official detention prior to November 17, 2005.  Whisman's letter establishes that Moore received credit on the parole violation for "all [the] time from January 25, 2001 to … November 17, 2005," including "all [the] time he was 'out to court' for his federal court proceeding."  See Document 15, Declaration of James D. Crook, December 20, 2006, Letter from Candace Whisman at 1.  Because Moore received credit on his parole violation for all the time he was in state custody, including the roughly twenty-six month period he spent in federal custody between August 28, 2001, and October 3, 2003, he is not entitled to credit for the same period of time on the sentence he received in 2:03-CR-20223-01-D.[5]

---

[4] In addition, Moore has not shown that he was ever in official detention as a result of any other charge for which he was arrested after the commission of the offense in 2:03-CR-20223-01-D.

[5] In a supplemental reply, Moore additionally maintained that "the sole reason [he] was held in the State facility was because of the pending Federal Indictment and subsequent conviction in Federal Court." See Document 12 at 2.  The facts establish otherwise.  In the supplemental reply, Moore submitted a January 19, 2006, memorandum from BOP Inmate Systems Specialist Stephen Cruze ("Cruze").  In the memorandum, Cruze represents that Moore was held by Tennessee authorities on the parole violation warrant beginning on February 16, 2001.  See Document 17, Exhibit 1.  Thus, it is clear that he was detained in the State facility because of his January 25, 2001, arrest on the parole violation warrant.

<u>CONCLUSION</u>.  On the basis of the foregoing, the undersigned finds no merit to positions advanced by Moore in his petition.  The proceeding at bar is not an instance in which a prisoner was serving no other federal or state sentence at the time the sentence was imposed, and was in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence was imposed.  The sentence in 2:03-CR-20223-01-D did not commence on the day it was imposed but rather on the day Moore was received into federal custody.  It is therefore recommended that his petition be dismissed and all requested relief be denied.  His motion for appointment of counsel should be denied.  Judgment should be entered for Sanders.

DATED this __26__ day of January, 2007.

*H Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE